**Pat H. HAYES, as Successor in Interest to Leona James Hayes, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 03–5050.**

United States Court of Appeals, Federal Circuit.

July 9, 2003.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

DECISION

PER CURIAM.

Pat H. Hayes appeals from the dismissal of his lawsuit against the United States. *Hayes v. United States,* No. 02–169 L (Fed.Cl. Nov. 6, 2002). Because Mr. Hayes has not shown any error by the court, we *affirm.*

DISCUSSION

On March 5, 2002, Hayes filed suit in the United States Court of Federal Claims in the name of his deceased mother, seeking $34,224,000.00 in damages from the United States. Despite the fact that Hayes subsequently admitted that he had himself signed his mother's name to the

Complaint and to a petition to proceed *in forma pauperis* in the case, the court allowed him to file a motion for substitution of parties. *Id.* slip op. at 1. The court then ordered that the case be re-captioned, with Hayes as successor in interest to his mother as plaintiff, but noted that he had not established that he possessed standing to pursue his mother's claim. *Id.* at 1–2. The court gave Hayes until August 8, 2002 to pursue appointment by a court of competent jurisdiction as his mother's representative. *Id.* at 2. Through a series of orders, that deadline was eventually extended to October 15, 2002, on which date Hayes submitted Letters of Administration issued by the District Court for Grady County, Oklahoma, appointing him as the personal representative of his mother's estate. *Id.* On October 18, 2002, after it had been revealed to the District Court for Grady County that Hayes's mother had died while a resident of Caddo County, not Grady County, Hayes's petition for Letters of Administration was dismissed with prejudice for lack of jurisdiction. *Id.* at 2–3. The Court of Federal Claims then concluded that Hayes had failed to meet the October 15, 2002 deadline, and dismissed his case without prejudice. *Id.* at 3.

Hayes appealed to this court on January 6, 2003. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

On appeal, Hayes does not allege that the court made any error of fact or law, but simply seeks reinstatement of his case in the Court of Federal Claims. According to Hayes, the District Court for Caddo County, Oklahoma, issued Letters of Administration on December 16, 2002, appointing him as administrator of his mother's estate. As the government correctly points out in its informal appeal brief, however, an appeal is not the proper procedure for the result Hayes seeks; rather, he must file a new complaint in the Court of Federal Claims.

Hayes also argues that this court abused its discretion by issuing an Order on April 16, 2003, granting the government's motion to file its appeal brief out of time. Hayes asserts that we lack jurisdiction to grant such extensions, and that a default judgment should accordingly be entered against the government pursuant to Fed. R.Civ.P. 55(a). That rule is inapplicable here, however. As an appellate court, we are not subject to the Federal Rules of Civil Procedure, but rather the Federal Rules of Appellate Procedure. The pertinent rule is Fed. R.App. P. 26(b), which gives us discretion to extend the time allowed to file briefs.* In any event, the extension was not prejudicial to Hayes, because we would have affirmed the Court of Federal Claims's dismissal of Hayes's lawsuit even in the absence of the government's brief on the basis of Hayes's not having shown any error in that dismissal.

Accordingly, we affirm the court's dismissal of Hayes's lawsuit.

---

* We note, however, that that rule does not allow us to extend the time to file a *notice* of appeal, *see* Fed.R.Civ.P. 26(b)(1), as was at issue in Hayes's earlier appeal, *Hayes v. United States,* 12 Fed.Appx. 945 (Fed.Cir.2001), *cert. denied,* —— U.S. ——, 123 S.Ct. 164, 154 L.Ed.2d 63 (2002).